IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAMONT DEJUAN HIGGS,  )<br>　　　　Petitioner,　　　　) | |
| vs.　　　　　　　　　　　　　) | No. 3:18-CV-2537-M (BH) |
| 　　　　　　　　　　　　　　) | |
| WARDEN WILSON,　　　　) | Referred to U.S. Magistrate Judge |
| 　　　Respondent.　　　　) | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. After consideration of the petitioner's objections to the recommended dismissal of his amended § 2241 petition, received on October 29, 2018 (doc. 8), and based on the relevant findings and applicable law, the amended § 2241 petition should be **DENIED**.

**I. BACKGROUND**

Lamont Dejuan Higgs (Petitioner), a prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas, (FCI-Fort Worth), challenges his conviction and sentence under 28 U.S.C. § 2241. The respondent is Warden Wilson of FCI-Fort Worth.

Petitioner was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (count one), and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(d) (count two). On June 19, 2014, he was sentenced to 120 months on count one and 31 months on count two, to run consecutively, for a total sentence of 151 months of imprisonment. (*See* No. 3:13-CR-461-M, doc. 35.) He did not appeal. Petitioner's motion to vacate under 28 U.S.C. § 2255 was denied as barred by the statute of limitations. *See United States v. Higgs*, No. 3:16-CV-1759-M (N.D. Tex. Nov. 30, 2017).

Petitioner's § 2241 petition relies on the savings clause of 28 U.S.C. § 2255(e) and raises the following grounds:

    (1) A prior conviction for possession with intent to deliver a controlled substance should not have been used as a predicate for a sentence enhancement;

    (2) Counsel was ineffective for:

        (a) telling Petitioner that if he pleaded guilty, the sentence would not exceed 10 years;

        (b) failing to argue that the sentences should have been concurrent.

(*See* docs. 6 at 5; 6-1 at 2-4.)

## II. SAVINGS CLAUSE

Generally, a writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle to challenge the manner in which a sentence is carried out, and claims of alleged errors that occurred at sentencing are properly raised in a motion under 28 U.S.C. § 2255. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000) (citing *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)). A petitioner may challenge the legality of his detention in a § 2241 petition under the "savings clause" of § 2255, however. *Padilla*, 416 F.3d at 426. It provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). To show that a § 2255 motion is either ineffective or inadequate to test the legality of his detention, a petitioner must demonstrate that: (1) his claim is based on a Supreme Court decision that is retroactively applicable on collateral review and that establishes that he may have been convicted of a nonexistent offense, and (2) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in a prior § 2255 petition. *Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

2

Here, Petitioner challenges the application of a career-offender sentencing guideline to enhance his sentence and alleges ineffective assistance of counsel. In his objections, he again claims that he is innocent of the sentence because it should not have been enhanced under a career-offender sentencing guideline, and that he may challenge its validity under the savings clause. (*See* doc. 8 at 2-3.)[1] The savings clause does not apply to a claim of innocence of a career-offender sentencing enhancement, however. *See Lopez v. Chandler*, 733 F. App'x 202 (5th Cir. 2018). In addition, a claim of ineffective assistance of counsel that does not involve a conviction for a nonexistent offense may also not be raised under the savings clause. *See Moorehead v. Chandler*, 540 F. App'x 458, 459 (5th Cir. 2013). Petitioner has not shown that he was convicted of a nonexistent offense, so his claims do not fall within the savings clause of § 2255(e).

Petitioner also argues in his objections that a § 2255 motion to vacate is inadequate and ineffective to test the legality of his detention because his § 2255 motion was denied as barred by the statute of limitations. (*See* doc. 8 at 1.) A petitioner may not use the savings clause to avoid procedural hurdles presented under § 2255, such as the statute of limitations or the restriction on filing second or successive motions to vacate. *See Pack*, 218 F.3d at 452-53 (holding that neither a limitations bar nor successiveness make § 2255 inadequate or ineffective). Petitioner's § 2255 motion raised claims about the sentencing enhancement and ineffective assistance of counsel. The fact that it was denied as barred by the statute of limitations does not render the remedy under

---

[1] Petitioner relies on *Murray v. Carrier*, 477 U.S. 478 (1986); *Smith v. Murray*, 477 U.S. 527 (1986); *Dugger v. Adams*, 489 U.S. 401 (1989); and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). At issue in *Carrier*, *Smith*, and *Adams* was whether a state procedural default should be excused in a challenge under 28 U.S.C. § 2254 to a state conviction; the cases did not involve the savings clause. *See Adams*, 489 U.S. at 404-06; *Carrier*, 477 U.S. at 484-85; *Smith*, 477 U.S. at 532-34. In *Hinkle*, a § 2255 case, the Fifth Circuit held that a Texas conviction for delivery of a controlled substance was not a basis for an enhancement under the career-offender sentencing guideline. *Hinkle*, 832 F.3d at 574-77. It likewise did not involve the savings clause.

3

§ 2255 inadequate or ineffective. *See Pack*, 218 F.3d at 452-53. He is not entitled to relief under the savings clause of § 2255(e).

### III. RECOMMENDATION

The amended petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DENIED** with prejudice.[2]

**SIGNED this 2nd day of November, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Since Petitioner previously filed a § 2255 motion challenging his conviction and sentence, and he has not shown that the Fifth Circuit has authorized a successive § 2255 motion under 28 U.S.C. § 2244(b)(3)(C), his § 2241 petition should not be construed as a § 2255 motion.